[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11165
Non-Argument Calendar
_____

D.C. Docket No. 2:05-cr-00108-LSC-SRW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE HOEY MORRIS,
a.k.a. Johnny Ray Fortune,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 11, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

George Hoey Morris appeals pro se the denial of his motions for a new trial as untimely.  Morris sought a new trial based on newly-discovered evidence.  Fed. R. Crim. P. 33(b)(1).  We affirm.

The government argues that we should dismiss Morris's appeal because his written notice was untimely, but we disagree.  Under the mailbox rule, a notice of appeal filed pro se is treated as filed on the date the inmate delivers his notice to the prison authorities.  Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 2382 (1988).  The district court entered its order denying Morris's post-trial motions on January 5, 2012, and Morris submitted to prison officials a notice of intent to appeal on January 17, 2012.  Because Morris's notice states that he intends to appeal the denial of his post-trial motions, the notice satisfies the requirements for a written notice of appeal, under Federal Rule of Appellate Procedure 3(c).  See United States v. Ward, 696 F.2d 1315, 1318 & n.2 (11th Cir. 1983).  Morris's notice of appeal was timely.

The district court did not abuse its discretion by denying Morris's motions for a new trial as untimely.  Morris acknowledges that he filed his motions more than three years after his convictions, see Fed. R. Crim. P. 33(b)(1), and his arguments for equitable tolling or excusable neglect fail.  Morris argues that his incarceration in various jails and his involuntary commitment in a mental institution for ten months after his conviction constituted a "legal disability" that

2

tolled the period to move for a new trial, but Morris admitted in an affidavit that he filed complaints against both his counsel and the prosecutor during this period. Morris also argues that his appellate counsel "ignored" his allegedly newly-discovered evidence and refused to file a timely post-trial motion, but "[c]ounsel's misunderstanding of the law cannot constitute excusable neglect" to extend a deadline under Federal Rule of Criminal Procedure 45(b)(1)(B).  United States v. Snipes, 611 F.3d 855, 865 (11th Cir. 2010) (internal citation and quotation marks omitted).  And Morris argues that the prosecutor interfered with his ability to file a timely motion for a new trial by causing trial counsel to withdraw from the case, but the district court appointed new counsel the same day that it granted trial counsel's motion to withdraw.

We **AFFIRM** the denial of Morris's motion for a new trial as untimely.